Dear Mr. Lamkin:
You have asked this office to advise whether you may serve as chief deputy coroner for Jackson Parish while also holding elective office as a member of the Board of Aldermen of the Town of Jonesboro. For the following reasons, it is the opinion of this office that you may lawfully hold both positions if your position as chief deputy coroner is held on a part-time basis.
The Dual Officeholding and Dual Employment Law[1] sets forth certain prohibitions relevant to a person holding particular combinations of public employment and/or public office. A dual officeholding analysis first requires a determination of the kinds of positions held. Here, an alderman holds "elective office" under La.R.S. 42:62(1).[2] A chief deputy coroner is appointed by the elected coroner under authority of La.R.S. 33:1555(A), [3] and for this reason a deputy coroner holds "appointive office" as defined by La.R.S. 42:62(2).[4] *Page 2 
La.R.S. 42:63(D) prohibits an elected official from holding full-time appointive office, but does not prohibit the concurrent holding where the appointive office is held on a part-time basis.[5] It is the opinion of this office that if you hold the position of chief deputy coroner on a part-time basis, you may lawfully serve as alderman; however, if you work as chief deputy coroner on a full-time basis, La.R.S. 42:63(D) would prohibit you from also serving as alderman. A person working "at least seven hours per day of work and at least thirty-five hours per week of work" works on a full-time basis under La.R.S. 42:62(4). "Part-time" work is less than the number of hours of work considered "full-time" under La.R.S. 42:62(4). See La.R.S. 42:62(5).
A concern would arise under the incompatibility provisions of La.R.S.42:64[6] if, in your capacity as alderman, you approved or funded your salary as chief deputy coroner. However, the incompatibility provisions are inapplicable here because it is the coroner or the parish governing authority, and not the municipality, which pays a deputy coroner's salary under La.R.S. 33:1555(A).[7] *Page 3 
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 42:61, et seq.
[2] La.R.S. 42:62(1) provides:
(1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
[3] La.R.S. 33:1555(A) states "each coroner may appoint one or more deputy or assistant coroners . . ."
[4] La.R.S. 42:62(2) provides:
(2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by any elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
[5] La.R.S. 42:63(D) provides, in part:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . . .
[6] La.R.S. 42:64(A)(5) and (6) provide:
§ 64. Incompatible offices
A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 * * *
(5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
(6) Funds received by one office or employment are deposited with or turned over to the other office or position.
[7] La.R.S. 1555(A) provides that deputy coroners shall "be paid by the coroner appointing them or by arrangement with the parish governing authority if the coroner is on a salary basis . . ."